UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-01133-GCS |
| | ) |
| SUSAN SCHNIERS, | ) |
| PATRICK GONVALVES, | ) |
| and | ) |
| NURSE TARA, | ) |
| | ) |
| Defendants.[1] | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Currently before the Court is Defendant Nurse Tara's motion to dismiss Plaintiff's complaint with prejudice pursuant to FED. R. CIV. PROC. Rule 12(b)(6). (Doc. 29, 32). Specifically, Defendant Nurse Tara argues that the Plaintiff's complaint against her must be dismissed for three reasons: (1) the complaint fails to establish she was personally involved; (2) she is entitled to qualified immunity; and (3) Plaintiff failed to exhaust administrative remedies. Plaintiff opposes the motion. (Doc. 31). Based on reasons delineated below, the Court **DENIES** the motion.

Plaintiff Keith Nelson, an inmate with the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while at

---

[1] The Court **DIRECTS** the Clerk of the Court to change Defendants names on the docket as they appear in the answers. *See* (Doc. 27, 28).

Pinckneyville Correctional Center. Plaintiff alleges that he was delayed treatment for his chronic medical condition, sarcoidosis, in violation of the Eighth Amendment.

Plaintiff alleges that he suffers from a chronic medical condition, sarcoidosis, which causes chest pains. (Doc. 1, p. 9). On September 25, 2024, he was suffering from chest pains and having difficulty breathing. When Nurse Susan passed his cell while handing out medications on the wing, Plaintiff informed her of his pain and breathing issues. *Id*. Correctional Officer Gonvalves was present with Nurse Susan when Plaintiff spoke to her. Nurse Susan told Plaintiff that to receive medical care, a medical code would have to be called by the officer. *Id*. But Gonvalves refused to call a medical code for assistance, even after Plaintiff explained that his chest pain and breathing issues were triggered by being placed in handcuffs for five hours during a recent shakedown. *Id*.

Plaintiff later spoke to Sergeant Haper while he was making rounds and informed him of his chest pains. (Doc. 1, p. 9). Plaintiff explained that Nurse Susan said the only way he would get care is if a medical code was called. Plaintiff continued to press his call button for several hours until another correctional officer approached and explained that Nurse Tara was in the building and would come to see him after she got set up. *Id*. But the correctional officer never returned, and Plaintiff never heard from Nurse Tara. *Id*. Plaintiff spent the entire day in pain due to the lack of medical care.

During the following shift, other inmates began yelling for staff to obtain medical care for Plaintiff. (Doc. 1, p. 10). Sergeant Dillard came to his cell, and Plaintiff explained that he was denied medical care from Gonvalves and Nurse Susan. *Id*. A porter later told Plaintiff that Nurse Tara told him Plaintiff was scheduled to be seen the next morning. *Id*. On October 13, 2024, during a sick call, a nurse realized that Plaintiff was having

difficulties breathing and referred him to a doctor. (Doc. 1, p. 10). Plaintiff alleges that he went 20 days from his initial complaints regarding his condition before receiving care. *Id*. On October 21, 2024, Plaintiff saw a nurse practitioner and/or doctor and was given a waist chain permit to prevent the breathing issues caused by being cuffed behind his back. *Id*. On October 25, 2024, Nurse Practitioner Ashitti ordered x-rays and prescribed him a steroid inhaler for his breathing issues. *Id*. Ashitti noted that he may eventually need a referral to an outside specialist. Plaintiff alleges that he wrote numerous letters and grievances to the healthcare administrator or the warden. *Id*

On July 17, 2025, the Court, pursuant to 28 U.S.C. § 1915A, conducted a review of the complaint and allowed Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Susan Schniers, Patrick Gonvalves and Nurse Tara for delaying treatment for sarcoidosis. (Doc. 9).[2]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *See Gociman v. Loyola University of Chicago,* 41 F.4th 873, 885 (7th Cir. 2022) (citations omitted). In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw all possible inferences in the plaintiff's favor. *See Yash Venture Holdings, LLC v.*

---

[2] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. 19115A(b).

*Moca Financial, Inc.,* 116 F.4th 651, 656 (7th Cir. 2024); *Gociman,* 41 F.4th at 881 (citations omitted). The complaint will survive a motion to dismiss only if it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025); *Lewis v. AbbVie Inc.,* No. 24-3121, 2025 WL 2527461, at *3 (7th Cir. Sept. 3, 2025) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hess v. Garcia*, 72 F.4th 753, 758 (7th Cir. 2023).

## DISCUSSION

First, Nurse Tara argues that the complaint is devoid of any mention of her deliberately ignoring Plaintiff, that the complaint does not state whether she knew of Plaintiff's condition, and that if there was any alleged deprivation by her it was not sufficiently serious. Plaintiff counters that Nurse Tara was made aware of his condition by two people and that despite this knowledge she did not go to the cell to check on him and she did not call him down to the nurse sick call line. Plaintiff further contends that Nurse Tara did not render medical assistance to him until after he saw the physician assistant.

The Eighth Amendment prohibits cruel and unusual punishments, and the deliberate indifference to the "serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Donald v. Wexford Health Sources, Inc.,* 982 F.3d 451, 457-458 (7th Cir. 2020) (citations omitted). A prisoner is entitled to "reasonable measures to meet a substantial risk of serious harm" —

not to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A prisoner's dissatisfaction with a medical professional's prescribed course of treatment does not give rise to a successful deliberate indifference claim unless the treatment is so "blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)(citation omitted).

To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

As the Court previously found, Plaintiff, at this stage of the proceedings, states a viable claim for deliberate indifference against Nurse Tara. He alleges that Nurse Tara was aware of his need for medical care but did not immediately schedule him for an appointment. A delay in providing necessary medical treatment may amount to deliberate indifference if it resulted in unnecessary suffering. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). Accepting as true all well-pled factual allegations and drawing all reasonable inferences in Plaintiff's favor, the undersigned finds that Plaintiff sufficiently alleged facts, albeit scant, to state a claim against Nurse Tara for delaying treatment.

As to Nurse Tara's arguments regarding qualified immunity and the failure to exhaust administrative remedies, the Court finds that these issues are premature for resolution at this stage in the litigation. The Court will set a briefing scheduling on the issue of administrative remedies after all parties have answered the complaint. If

Plaintiff's claims survive the exhaustion of administrative remedies phase, the Court will enter a final scheduling order. Thus, the issue regarding qualified immunity is better suited for determination after discovery has been completed via summary judgment, if necessary. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (noting that courts hesitate to dismiss complaints on qualified immunity grounds "[b]ecause an immunity defense usually depends on the facts of the case" beyond the allegations of the complaint).

## CONCLUSION

Accordingly, the Court **DENIES** Defendant Nurse Tara's motion to dismiss Plaintiff's complaint with prejudice pursuant to FED. R. CIV. PROC. 12(b)(6). (Doc. 29).

**IT IS SO ORDERED.**

**DATED: January 21, 2026.**

Digitally signed by Judge Sison
Date: 2026.01.21 13:20:33 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**